# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **ERNEST WASHINGTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 3:07-1083 |
| ) | Judge Campbell |
| **ROBERTSON COUNTY JAIL,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM and ORDER

The Court has before it a *pro se* prisoner complaint brought under 42 U.S.C. § 1983. The plaintiff also has submitted an application to proceed *in forma pauperis.*

The plaintiff is a prisoner in the Robertson County Jail. It appears from his application that he lacks sufficient financial resources to pay the filing fee. Therefore, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk will file the complaint *in forma pauperis.* 28 U.S.C. § 1915(a).

The plaintiff is herewith assessed the civil filing fee of three hundred fifty dollars ($350.00). Pursuant to 28 U.S.C. §§ 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust fund account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial payment, whichever is the greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust fund account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust fund account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income, or income credited to the plaintiff's inmate trust fund account for the preceding month, but

only when his monthly income exceeds ten dollars ($10.00). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court as prescribed by 28 U.S.C. § 1914(a). 28 U.S.C. § 1915(b)(2).

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The plaintiff alleges that he experienced a 3-day delay in receiving his medication for a seizure disorder. (Docket Entry No. 1, ¶ IV, p. 5) He also claims that he has not been provided a "bland diet" for his acid reflux condition. (Docket Entry No. 1, ¶ IV, p. 5) The plaintiff asserts that he has filed grievances, spoken with jail officials, and that his family has telephoned the jail on his behalf, all to no avail. (Docket Entry No. 1, ¶ IV, p. 5) The plaintiff names the Robertson County Jail as the sole defendant to this action. (Docket Entry No. 1, ¶ III.B.1, p. 4)

Under the Prison Litigation Reform Act (PLRA), the Court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.*

2

at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although *pro se* complaints are to be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

"Persons" exposed to legal liability under § 1983 include municipal corporations and other "bodies politic and corporate." *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997), *cert. denied*, 522 U.S. 914 (1997)(citing *Monell v. Department of Social Services*, 436 U.S. 658, 688 (1978) and *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)(*per curiam*). A county jail is not a body politic, and as such, it is not a person within the meaning of § 1983. *See Petty v. County of Franklin, Ohio,* 478 F.3d 341 (6th Cir. 2007)(a sheriff's office is not a legal entity that can be sued under § 1983); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)(a police department is not a person for purposes of § 1983); *see also Timberlake by Timberlake v. Benton*, 786 F.Supp. 676, 682-83 (M.D. Tenn. 1992).

Of course, giving this *pro se* pleading a liberal construction, the Court could construe the complaint as an attempt to state a claim against Robertson County, the entity responsible for operating the Robertson County Jail. However, for Robertson County to be liable, the plaintiff must allege and show that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. *Monell*, 436 U.S. 689-690. The plaintiff makes no such allegation, nor can such an allegation be liberally construed from the complaint.

For the reasons explained above, the plaintiff's claim against the Robertson County Jail lacks

an arguable basis in law or fact. Accordingly, the complaint is **DISMISSED** as frivolous. 28 U.S.C. §§ 1915(e)(2)(B)(i); 1915A(b)(1). Because an appeal from the judgment rendered herein would not be taken in good faith, the plaintiff is **NOT** certified to pursue an appeal from this judgment *in forma pauperis.* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 444-46 (1962). Nevertheless, should the plaintiff decide to file a notice of appeal, he either must pay the Clerk of Court the full appellate filing fee of four hundred fifty-five dollars ($455.00), or submit a new application to proceed *in forma pauperis* with a certified copy of his inmate trust account statement for the six (6) month period preceding the filing of his notice of appeal. 28 U.S.C. §§ 1915(a)(1) and (a)(2); *McGore*, 114 F.3d at 605.

The Clerk is directed to send a copy of this Order to the Sheriff of Robertson County to ensure that the custodian of the plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act that pertains to the payment of filing fees.

Entry of this Order shall constitute the judgment in this action.

It is so **ORDERED**.

Todd Campbell
United States District Judge

4